IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEP GROUP, LLC,

    Plaintiff,

    v.

RUSSELL DANIELS,

    Defendant.

No. C 18-5815 WHA

**ORDER RE REMAND TO STATE COURT**

Plaintiff commenced this unlawful detainer dispute in Alameda County Superior Court. Defendant Russell Daniels, proceeding *pro se*, removed the action to this district court and filed a motion to proceed *in forma pauperis*. Plaintiff has filed a motion to remand and to shorten time. For the following reasons, this order *sua sponte* **REMANDS** this action for lack of jurisdiction.

A defendant in state court may remove an action to federal court so long as the action could have originally asserted subject-matter jurisdiction. 28 U.S.C. § 1441(a). The removing defendant has the burden of proving the basis for the federal court's jurisdiction. *Nishimoto v. Federaman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal statutes are strictly construed against removal. *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

The well-pleaded complaint rule requires a federal question be presented on the face of a complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzel*,

76 F.3d 1480, 1485 (9th Cir. 1996). Counterclaims, however, do not create federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Plaintiff's complaint contained only state law claims. Defendant, however, raises several federal counterclaims against plaintiff. Defendant's notice of removal alleges that: *first*, plaintiff's "noncompliance of 'Trailer Park Law' as part of a course of conduct of subversion of the rent and eviction control limits encoded therein in attempts to use California state authorities to create a false pretense of basis for eviction" violates his civil rights (Dkt. No. 1 at 2); *second*, plaintiff targeted low-income residents "in order to raise rents in violation of the Trailer Park Law" which has deprived "many disabled residents of the subject property" in violation of the ADA (*id.* at 3); *third*, rent for trailer parking spaces was raised in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*; and *finally*, that plaintiff — to allegedly facilitate the above violations — engaged in mail-tampering in violation of 18 U.S.C. § 1708.

Though defendant's counterclaims invoke federal law they do not create federal-question removal jurisdiction. Accordingly, this order *sua sponte* **REMANDS** this action **TO STATE COURT**. Defendant's application to proceed *in forma pauperis*, along with plaintiff's motions to remand and for an order setting a hearing on shortened notice are **DENIED AS MOOT**. The Clerk shall immediately remand this action to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: October 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE